This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41897**

**FAYE LYNN RICHARDS,**

     Petitioner-Appellee,

v.

**DEAN GAMACHE,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Court Judge**

Faye Lynn Richards
Tijeras, NM

Pro Se Appellee

Terri Keller
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Respondent Dean Gamache (Father) appeals from the district court's order modifying custody of the child (Child) he has with Petitioner Faye Lynn Richards (Mother). In this Court's notice of proposed disposition, we proposed summary affirmance. In response, Father has filed a memorandum in opposition and a motion to supplement the record, both of which we have duly considered. Remaining unpersuaded, we deny Father's motion to supplement the record and affirm the district court's order.

**{2}**     In his memorandum in opposition, Father continues to assert that the evidence presented in a separate domestic violence case (DV case) between himself and Mother, which resulted in the district court entering an order of protection against Father, did not support the district court's modification of custody in this case. [MIO 2] As stated in our proposed disposition, Father not only failed to identify the evidence presented at the hearing in this case, but also submitted little—if any—evidence of his own in opposition to Mother's motion to modify custody, and based on the evidence identified in the hearing officer's report, the district court did not abuse its broad discretion in concluding that a substantial and material change in circumstances warranted modifying custody. [CN 4-5] *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 (stating that the trial court has broad discretion and great flexibility in fashioning a custody arrangement, so long as there is substantial evidence to support its findings and there has been a substantial change in circumstances that affects the best interest of the children since the prior order). The memorandum in opposition acknowledges Father's failure to proffer evidence in opposition to modifying custody, stating that "[t]here was no new evidence presented at the . . . hearing for modification, only reference and argument by both [Mother and Father] (through his counsel) surrounding the allegation of evidence of child abuse presented at the DV [case] hearing." [MIO 1-2]

**{3}**     Father's memorandum in opposition provides no new facts or citation to authority to demonstrate that the district court erred or that this Court's proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill that requirement); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Father continues to ask that this Court consider evidence presented during the DV case in reviewing the district court's order now on appeal. [MIO 2] To effectuate such review, Father submitted a motion to supplement the record, asking that this Court "accept the record proper (evidence and exhibits) in the DV case." [Mot. 3]

**{4}**     The motion to supplement the record acknowledges that in this case, Father "asked the same [h]earing [o]fficer to basically reconsider the evidence that was presented in the DV case," and explains that Father's counsel "did not feel it was necessary to repeat the evidence and exhibits . . . heard by the same [h]earing [o]fficer just a few weeks prior [in the DV case]." [Mot. 2-3] Additionally, Father asserts that the hearing officer "relied entirely on the evidence and exhibits admitted in the DV hearing to reach her decision" in this case. [Mot. 2] To support this assertion, Father points to certain paragraphs of the hearing officer's report. [Mot. 3 ¶ 6] However, the portions of the report Father cites to do not support Father's assertion—they contain a limited recitation of the DV case's relevant procedural history, including the issuance of the protective order, the effective dates of the protective order, and that the order of protection was affirmed in a memorandum order despite Father's objections. [RP 50-52]

Furthermore, the hearing officer's report in this case contains a summary of only the testimony given in this case, a notation that Father did not testify, and a summary from Father's attorney rehashing certain matters addressed at the hearings in the DV case. [RP 51] We are therefore unpersuaded by Father' assertion that the hearing officer "relied entirely on the evidence and exhibits admitted in the DV [case] hearing to reach her decision granting modification in [this] case." [Mot. 2]

**{5}** Additionally, Father does not provide any citation to authority to suggest that it is either proper or necessary for this Court in this appeal to consider the "evidence and exhibits" submitted in the DV case. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Such matters are beyond the scope of this appeal. *Cf. Durham v. Guest*, 2009-NMSC-007, ¶ 9, 145 N.M. 694, 204 P.3d 19 (noting that the "[r]eference to exhibits not in the record proper and not presented to the district court for consideration is improper and a violation of the Rules of Appellate Procedure"). Accordingly, we deny Father's motion to supplement the record.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**